# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>GLENN A. MARSTON,<br><br>       Debtor<br>_____<br><br>GLENN A. MARSTON,<br><br>       Plaintiff<br><br>v.<br><br>THE EDUCATION RESOURCES<br> INSTITUTE, INC.,<br>UNITED STATES DEPARTMENT OF<br> EDUCATION, et al.,<br><br>       Defendants | Chapter 7<br>Case No. 05-24616-RS<br><br><br><br><br><br>Adversary Proceeding<br>No. 06-1093 |

### MEMORANDUM OF DECISION AND
### ORDER OF ABSTENTION AS TO COUNTERCLAIM

  This Court issued an order to show cause why it should not abstain from adjudicating the counterclaim of the United States of America, on behalf of its Department of Education, for adjudication and enforcement of the underlying student loan liability that is the subject of the Debtor's complaint for determination of dischargeability.  The Debtor has responded and opposed abstention.  The United States has filed a late response stating only that it does not oppose abstention; notably, the United States has not expressly consented to this Court's conducting the jury trial that the Plaintiff has demanded and is entitled to on the counterclaim.  Lacking such consent, this Court may not conduct the jury trial.  28 U.S.C. § 157(e) (permitting bankruptcy judge to conduct jury trial only "with the express consent of all the parties").  For lack of authority to conduct the jury trial to which the Debtor would be entitled on the counterclaim, the Court must, in the interest of justice, abstain as to the counterclaim.  28 U.S.C.

§ 1334(c)(1) (permitting abstention in the interest of justice).  The counterclaim should be adjudicated in a forum in which a jury trial can be afforded the Debtor.

Although abstention is fully justified by the bankruptcy court's inability to provide a jury trial to which a party is entitled, the Court also abstains for the separate reason that the counterclaim is not a core bankruptcy proceeding but the usual province of state (or other nonbankruptcy) courts.  By adjudicating the underlying debt, the Court would reduce the time and resources available to the Court to handle those matters within its core bankruptcy jurisdiction.  Moreover, because neither party has consented to this court's entering final judgment on the noncore count, the Court could at best hear the matter and enter only *proposed* findings and conclusions, subject to review de novo in the District Court.  See 28 U.S.C. § 157(c)(1). In view of the availability of de novo review—which renders the proceeding in the bankruptcy court nonbinding—this procedure is generally, and in this instance, an inefficient use of the parties' and the courts resources.

## ORDER

For the reasons set forth above, the Court hereby abstains under 28 U.S.C. § 1334(c)(1) as to the counterclaim of the United States of America.

Date: October 18, 2006

_____
Robert Somma
United States Bankruptcy Judge

cc:  Glenn Marston, Esq., Debtor
     Christopher Alberto, Esq., for United States
     John F. White, Esq., for TERI

2